UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| LAKE NONA PROPERTY HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DWELL AT LAKE NONA, LLC and THE KLEIN COMPANY, <br><br> Defendants. | CASE NO. 6:15-cv-357-Orl-22-DAB <br><br><br> (INJUNCTIVE RELIEF SOUGHT) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Lake Nona Property Holdings, LLC ("Lake Nona Holdings"), files this Complaint against Defendants, Dwell at Lake Nona, LLC ("Dwell at Lake Nona") and The Klein Company ("Klein" and together with Dwell at Lake Nona, collectively, the "Defendants"), and pursuant to Rule 8, Federal Rules of Civil Procedure, alleges:

### NATURE AND BASIS OF ACTION

1. This action arises out of Defendants' willful, unauthorized use of Lake Nona Holdings' distinctive LAKE NONA trademark in connection with a competing residential and commercial real estate development. Defendants' actions constitute (i) service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (ii) false designations of origin in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); (iii) domain name cyberpiracy in violation of Section 43(d) of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); (iv) service mark dilution in violation of FLA. STAT. § 495.151; (v) trademark infringement in violation of Florida common law; (vi) unfair competition in violation of Florida common law; and (vii) violation

of the Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), FLA. STAT. § 501.201 *et. seq.* Lake Nona Holdings seeks permanent injunctive relief, damages, and recovery of Lake Nona Holdings' costs and reasonable attorneys' fees incurred in connection with this action.

## PARTIES, JURISDICTION & VENUE

2. Plaintiff Lake Nona Holdings is a limited liability company organized under the laws of the State of Florida and with its principal place of business located at 9801 Lake Nona Road, Orlando, Florida 32827. All of Lake Nona Holdings' members are individuals who are residents and citizens of the State of Florida. For purposes of diversity, Lake Nona Holdings is a citizen of the State of Florida and, at all material times, has never been a citizen of the State of Pennsylvania.

3. Defendant Dwell at Lake Nona is a limited liability company whose sole member, upon information and belief, consists of Defendant Klein. For purposes of diversity, Dwell at Lake Nona is a citizen of the State of Pennsylvania and, at all material times, has never been a citizen of the State of Florida.

4. Defendant Klein is a corporation organized under the laws of the State of Pennsylvania and with its principal place of business located at 1735 Market Street, Suite 4010, Philadelphia, Pennsylvania 19103. For purposes of diversity, Klein is a citizen of the State of Pennsylvania and, at all material times, has never been a citizen of the State of Florida.

5. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1337 and 1338 because, *inter alia*, this case

arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, and because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of costs and attorneys' fees. To the extent necessary, this Court also has supplemental jurisdiction over Lake Nona Holdings' state law claims pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants have been conducting, engaging in and otherwise doing business in the State of Florida (including, in particular, in this judicial district), Defendants are subject to service of process in the State of Florida, and Defendants have caused injury to Lake Nona Holdings in the State of Florida.

7. Venue is proper in the Orlando Division of the U.S. District Court in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because (i) a substantial part of the events or omissions giving rise to Lake Nona Holdings' claims occurred, and are continuing to occur, in the Orlando Division of the U.S. District Court in the Middle District of Florida, and (ii) Defendants are entities with the capacity to sue or be sued in their common names that are subject to this Court's personal jurisdiction and therefore reside in the Middle District of Florida.

8. Lake Nona Holdings has retained the law firms of Alston & Bird, LLP and King, Blackwell, Zehnder & Wermuth, P.A., and has agreed to pay same their reasonable attorneys' fees to represent Lake Nona Holdings in this action.

9. All conditions precedent to the maintenance of this suit and to Lake Nona Holdings' claims have occurred, been performed or otherwise waived.

**FACTUAL BACKGROUND**

A. **Lake Nona Holdings and its Famous LAKE NONA Marks**

10. Lake Nona Holdings is the master developer of the Lake Nona Development of Regional Impact, a 7,000 acre master-planned, mixed use community located within the municipal limits of the City of Orlando ("Lake Nona Holdings' development").

11. Lake Nona Holdings was founded in 1986 by Sunley Holdings and acquired in 1996 by Lake Nona Land Company, LLC, a subsidiary of Lake Nona Holdings.

12. Through significant time, planning, and investment, Lake Nona has become one of the premiere developments in the Southeast.

13. Lake Nona includes single and multi-family housing in six named residential communities: Lake Nona Golf & Country Club, Lake Nona Water Mark, Village Walk, Northlake Park, Waters Edge, and Laureate Park.

14. Lake Nona Water Mark is a collection of 278 luxury apartments featuring one, two and three bedroom units located in 22 buildings.

15. Lake Nona Golf & Country Club is a 600-acre private residential golf community that has gained worldwide fame as the residence and club of numerous professional golfers.

16. In addition to single and multi-family residential developments, Lake Nona includes lakes, parks, schools and a YMCA to provide its residents with a fully integrated living experience.

17. Lake Nona also includes several mixed-use commercial developments designed to provide services to Lake Nona's residents. "Lake Nona Village" includes restaurants as well as medical, dental and vision care services.

- 5 -

18. "Lake Nona Plaza" includes a grocery store as well as retail, restaurant and medical services.

19. "Lake Nona Town Center" is a mixed-use development that has broken ground and, when open, will include offices, hotels, restaurants, and other retail uses in its first phase.

20. In the area of Lake Nona south of State Road 417, Lake Nona Holdings has created Lake Nona Medical City, a 650-acre health and life sciences park. The park includes the University of Central Florida College of Medicine, the Sanford-Burnham Medical Research Institute, the U.S. Department of Veterans Affairs' Lake Nona Medical Center, the Nemours Children's Hospital, and the University of Florida Research & Academic Center.

21. The United States Tennis Association (USTA) has announced plans to move its community tennis and player development divisions to the Lake Nona development, where it plans to build more than 100 tennis courts.

22. Lake Nona Holdings has spent millions of dollars advertising and promoting the Lake Nona development, including through national television, newspaper, magazine, and outdoor advertising. Lake Nona has also received significant regional and national press.

23. One of the critical means by which Lake Nona Holdings promotes its development is through an interactive website operated at the domain name <lakenona.com>. The website offers detailed information, maps, and contact information regarding the various Lake Nona communities and facilities, as well as a host of other news and information of interest to residents and prospective residents alike.

24. Lake Nona Holdings, on its own and through its predecessors and

subsidiaries, has continuously and exclusively used the trademark and service mark LAKE NONA since at least as early as 1986, and Lake Nona Holdings uses the mark in connection with a wide variety of goods and services, including residential and commercial real estate development.

25.     Lake Nona Holdings has also used a number of other marks that consist in whole or in part of the LAKE NONA mark to identify its many goods and services, including LAKE NONA REALTY, LAKE NONA GOLF & COUNTRY CLUB, LAKE NONA VILLAGE, LAKE NONA PLAZA, LAKE NONA WATER MARK and LAKE NONA MEDICAL CITY (these marks are hereinafter referred to collectively with the LAKE NONA mark as the "LAKE NONA Marks").

26.     Lake Nona Holdings owns valid and enforceable common law service mark rights in each of the LAKE NONA Marks.

27.     Lake Nona Holdings further owns numerous registrations on the Principal Register of the U.S. Patent & Trademark Office ("USPTO") for the LAKE NONA Marks in connection with a variety of goods and services, including:

| Mark | Reg. No. | Reg. Date. | Goods/Services |
| --- | --- | --- | --- |
| LAKE NONA (Stylized) | 1,456,845 | 9/8/1987 | Planning and laying out of residential communities. |
| LAKE NONA (Stylized) | 2,514,455 | 12/4/2001 | Real estate agencies and real estate brokerage services. |

| THE ESTATES AT LAKE NONA | 2,506,010 | 11/13/2001 | Real estate agencies, listing and brokerage; real estate development and laying out of residential properties. |
| --- | --- | --- | --- |
| LAKE NONA | 2,917,057 | 1/11/2005 | Real estate agencies and real estate brokerage services; planning and laying out of residential communities. |
| LAKE NONA (Stylized) | 3,447,098 | 6/10/2008 | Real estate agencies; planning and laying out of residential communities. |
| LAKE NONA MEDICAL CITY & Design | 4,556,133 | 6/24/2014 | Real estate agencies, listings and brokerage services; leasing of office and retail space; real estate development and planning and laying out of residential and commercial communities. |

28. Lake Nona Holdings owns the Lake Nona Marks.

29. Each of the foregoing registrations was duly and legally issued, is valid and subsisting in law, and constitutes prima facie evidence of the validity of each mark registered pursuant to 15 U.S.C. §§ 1057(b) and 1072.

30. Pursuant to 15 U.S.C. § 1065, Registration Nos. 1,456,845, 2,514,455, 2,506,010, 2,917,057, and 3,447,098 are incontestable.

31. Pursuant to 15 U.S.C. § 1072, Lake Nona Holdings' registrations for the LAKE NONA Marks constitute constructive notice of Lake Nona Holdings' ownership of the marks registered.

32. Through longstanding advertising, promotion and use, the LAKE NONA Marks are famous and serve in the minds of the relevant consuming public to identify Lake Nona Holdings and its development and services alone.

33. Through widespread and favorable public acceptance and recognition, the LAKE NONA Marks are assets of substantial value to Lake Nona Holdings as symbols of its

quality services and goodwill.

B. **Klein, Dwell at Lake Nona, and Their Unlawful Conduct**

34. Defendant Klein is a real estate development company based in Philadelphia.

35. Upon information belief, Klein formed Dwell at Lake Nona to be the developer and owner of a competing residential and commercial real estate development that is being developed across the street from Lake Nona Holdings' development.

36. Specifically, Defendants are developing a 26 acre tract of land on Lake Whippoorwill that Klein describes on its company website as a "[m]ixed use development with up to 274 Luxury Apartments and 50,000 sq. ft. of commercial."

37. Without Lake Nona Holding's authorization or consent, Defendants are marketing their competing development under the service mark DWELL AT LAKE NONA and are using the following logo to identify the development:



38. To further promote their competing development, Defendants have caused to be registered and are using the domain name <dwellatlakenona>. The website located at this domain name makes unauthorized use of the LAKE NONA mark and incorporates the logo set forth above in Paragraph 37.

39. The Dwell at Lake Nona website identifies the location of the development as being "in the heart of Orlando's newest prestigious neighborhood." That neighborhood is the Lake Nona Holdings' development. Defendants are thus overtly attempting to mislead

consumers into believing that the Dwell at Lake Nona project is being developed by, or in association, with Lake Nona Holdings.

40. Defendants are further promoting their development through social media.

41. Defendants have opened a Twitter account under the Twitter handle "@DwellAtLakeNona" that is dedicated to the development. The profile for the account includes prominent use of the above logo and repeats the reference from the <DwellatLakeNona.com> website that the development is "in the heart" of Lake Nona Holdings' development.

42. Upon information and belief, Defendants are using the LAKE NONA mark in the name and logo of the development, in the <dwellatlakenona.com> domain name, in the Dwell at Lake Nona, LLC trade name, and in the other manners identified above for the purpose and intent of trading unlawfully upon the substantial goodwill that Lake Nona Holdings has built in its development and the LAKE NONA Marks.

43. Upon information and belief, Klein owns the DWELL AT LAKE NONA service mark and logo and has licensed them for use to Dwell at Lake Nona.

44. Lake Nona Holdings has demanded that Klein cease use of the LAKE NONA Marks, but Klein has refused to do so. Lake Nona Holdings has therefore been left with no recourse to protect its marks other than to file this action.

## COUNT I
**Violation of Trademark Act of 1946 – 15 U.S.C. § 1114(1)**
**(Infringement of Federally Registered Service Marks)**

45. Lake Nona Holdings re-alleges and incorporates by reference the allegations set forth above in Paragraphs 2 – 44 as though fully set forth herein.

46. Lake Nona Holdings owns federal service mark and trademark registrations for the LAKE NONA Marks which serve to identify to the public certain goods and services that are offered by Lake Nona Holdings, and the goods and services offered in connection with those marks are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, or affiliated with Lake Nona Holdings alone.

47. Defendants' unauthorized use of the LAKE NONA Marks is likely to mislead or deceive consumers into believing that its services originate from, are sponsored or endorsed by, or are associated or affiliated with, Lake Nona Holdings. Defendants' actions therefore infringe Lake Nona Holdings' exclusive rights in its federally registered LAKE NONA Marks in violation of Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114(1).

48. Defendants' conduct constitutes intentional trademark and service mark infringement in violation of Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114(1).

49. Defendants' aforesaid conduct in violation of 15 U.S.C. § 1114(1) has caused and, unless permanently enjoined, will continue to cause, irreparable injury to Lake Nona Holdings and to the goodwill associated with Lake Nona Holdings' federally registered LAKE NONA Marks.

**WHEREFORE**, Plaintiff Lake Nona Holdings respectfully demands judgment against Defendants' for permanent injunctive relief; an award of Defendants' profits, Lake Nona's damages, post-judgment interest, costs and attorneys' fees pursuant to 15 U.S.C. 1117(a); and such other and further relief as the Court may deem just and proper.

## COUNT II
### Violation of Lanham Act – 1125(a)(1)(A)
### (Federal False Designations of Origin)

50. Lake Nona Holdings re-alleges and incorporates by reference the allegations set forth above in Paragraphs 2 – 44 as though fully set forth herein.

51. Defendants have intentionally copied and used the LAKE NONA Marks without authorization or consent from Lake Nona Holdings in commerce in connection with the sale, offering for sale, distribution, or advertising of services in a manner that is likely to cause confusion, mistake, or deception as to the true source or sponsorship of Defendants' services.

52. Defendants' conduct constitutes false designations of origin in violation of the Federal Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

53. Defendants' conduct in violation of 15 U.S.C. §§ 1125(a)(1)(A) is causing, and unless enjoined by this Court, will continue to cause irreparable injury to Lake Nona Holdings for which no adequate remedy exists at law.

**WHEREFORE**, Plaintiff Lake Nona Holdings respectfully demands judgment against Defendants for permanent injunctive relief; an award of Defendants' profits, Lake Nona Holdings' damages, post-judgment interest, costs and attorneys' fees pursuant to 15 U.S.C. 1117; and such other and further relief as the Court may deem just and proper.

## COUNT III
### Violation of Anticybersquatting Consumer Protection Act – 15 U.S.C. § 1125(d)
### (Cyberpiracy)

54. Lake Nona Holdings re-alleges and incorporates by reference the allegations

set forth above in Paragraphs 2 – 44 as though fully set forth herein.

55. The LAKE NONA Marks are distinctive marks in the fields of real estate and residential and commercial planning and development services.

56. Defendants are knowingly using a domain name that incorporates and is confusingly similar to the LAKE NONA mark in a bad faith attempt to profit off the fame and reputation of Lake Nona Holdings and its marks.

57. Defendants' intent in using its confusingly similar domain name is to mislead the public into believing that Dwell at Lake Nona is being developed by Lake Nona Holdings, or that it is associated or affiliated with, or sponsored or endorsed by Lake Nona Holdings, for Defendants' commercial gain.

58. Defendants' actions constitute cyberpiracy in violation of the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

59. Defendants' aforesaid conduct has caused and unless permanently enjoined, will continue to cause irreparable injury to Lake Nona Holdings and to the goodwill associated with its federally registered LAKE NONA Marks.

**WHEREFORE**, Plaintiff Lake Nona Holdings respectfully demands judgment against Defendants for permanent injunctive relief; an award of Defendants' profits and Lake Nona's damages pursuant to 15 U.S.C. § 1117(a), or, in the alternative, statutory damages in the amount of $100,000 pursuant to 15 U.S.C. § 1117(d); post-judgment interest, costs and attorneys' fees pursuant to 15 U.S.C. § 1117(a); and such other and further relief as the Court may deem just and proper.

## COUNT IV

### Violation of Florida's Trademarks Act – FLA. STAT. § 495.151
### (Florida Service Mark Dilution)

60. Lake Nona Holdings re-alleges and incorporates by reference the allegations set forth above in Paragraphs 2 – 44 as though fully set forth herein.

61. The LAKE NONA Marks are famous for real estate and residential planning services in the state of Florida and acquired such fame prior to the acts of Defendants complained of herein.

62. Defendants' unauthorized use of the LAKE NONA Marks is likely to injure Lake Nona Holdings' business reputation and dilute the distinctive quality of the LAKE NONA Marks in violation of FLA. STAT. § 495.151, entitling Lake Nona Holdings, pursuant to FLA. STAT. § 495.151, to permanent injunctive relief.

**WHEREFORE**, Plaintiff Lake Nona Holdings respectfully demands judgment against Defendants for permanent injunctive relief and such other and further relief as the Court may deem just and proper.

## COUNT V

### Violation of Florida Common Law
### (Trademark Infringement)

63. Lake Nona Holdings re-alleges and incorporates by reference the allegations set forth above in Paragraphs 2 – 44 as though fully set forth herein.

64. Lake Nona Holdings owns common law trademark and service mark rights in the LAKE NONA Marks that serve to identify services offered by Lake Nona Holdings alone, and the services offered in connection with those marks are regarded by the public as

being offered by, sponsored by, approved by, authorized by, associated with, or affiliated with Lake Nona Holdings.

65. Defendants have used the LAKE NONA Marks without authorization in commerce in connection with the sale, offering for sale or advertising of a directly competitive real estate development.

66. Defendants' use of the LAKE NONA Marks is likely to cause confusion, mistake or deception as to the true source or sponsorship of its development and services.

67. Defendants' conduct constitutes trademark infringement in violation of the common law of the State of Florida.

68. Defendants knew that the Lake Nona Marks were famous marks associated with the Lake Nona Holdings' development, and Defendants incorporated Lake Nona into the service mark DWELL AT LAKE NONA and the related logo so as to gain economic and competitive advantage from associating their development with Lake Nona Holdings' goodwill and with the famous Lake Nona Marks.

69. As a direct and proximate result of Defendants' acts of trademark infringement, Lake Nona Holdings has suffered actual and irreparable injury for which no adequate remedy exists at law.

70. Defendants' conduct will continue to cause such injury unless enjoined by this Court.

**WHEREFORE**, Plaintiff Lake Nona Holdings respectfully demands judgment against Defendants for permanent injunctive relief; an award of Defendants' profits, Lake Nona Holdings' damages, punitive damages, post-judgment interest, costs, and such other

and further relief as the Court may deem just and proper.

## COUNT VI
## Violation of Florida Common Law
## (Unfair Competition)

71. Lake Nona Holdings re-alleges and incorporates by reference the allegations set forth above in Paragraphs 2 – 44 as though fully set forth herein.

72. Defendants knew that the Lake Nona Marks were famous marks associated with the Lake Nona Holdings' development.

73. Defendants' unauthorized use of the LAKE NONA Marks in the manner identified above is done with the intent of trading unlawfully on the fame and goodwill of the marks, to Defendants' benefit and Lake Nona Holdings' detriment.

74. Defendants' actions constitute unfair competition with Lake Nona Holdings under the common law of Florida.

75. Defendants' actions have irreparably injured and will continue to irreparably injure Lake Nona Holdings unless and until such conduct is enjoined permanently by this Court.

**WHEREFORE**, Plaintiff Lake Nona Holdings respectfully demands judgment against Defendants for permanent injunctive relief; an award of Defendants' profits, Lake Nona Holdings' damages, punitive damages, post-judgment interest, costs, and such other and further relief as the Court may deem just and proper.

### COUNT VII

**Violation of FDUTPA – FLA. STAT. § 501.204**
**Unfair and Deceptive Trade Practices**

76. Lake Nona Holdings re-alleges and incorporates by reference the allegations set forth above in Paragraphs 2 – 44 as though fully set forth herein.

77. Defendants' conduct constitutes "unconscionable acts or practices" and "unfair or deceptive acts or practices" in violation of FLA. STAT. § 501.204.

78. As a direct and proximate result of Defendants' violation of FLA. STAT. § 501.204, Lake Nona Holdings is aggrieved and has suffered actual and irreparable injury for which no adequate remedy exists at law.

79. Defendants' conduct will continue to cause such injury unless enjoined by this Court.

**WHEREFORE**, Plaintiff Lake Nona Holdings respectfully demands judgment against Defendants for permanent injunctive relief, costs and attorneys' fees pursuant to FLA. STAT. § 501.2105, and such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff Lake Nona Holdings respectfully demands a trial by jury as to all matters so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### GENERAL PRAYER FOR RELIEF

**WHEREFORE**, by virtue of Defendants' unlawful conduct as alleged in Counts I through VII above, Plaintiff Lake Nona Holdings respectfully prays that the Court:

(a) Enter judgment that Plaintiff Lake Nona Holdings owns valid and enforceable common law rights in the LAKE NONA Marks, that the federal

        registrations of the LAKE NONA Marks are valid and subsisting in law, and that Defendants, as a result of its use of the LAKE NONA Marks and <dwellatlakenona.com> domain name has: (i) infringed the LAKE NONA Marks in violation of 15 U.S.C. § 1114(1); (ii) used false designations of origin in violation of 15 U.S.C. § 1125(a); (iii) committed cyberpiracy in violation of 15 U.S.C. § 1125(d); (iv) diluted the fame of the LAKE NONA Marks in violation of FLA. STAT. § 495.151; (v) infringed the LAKE NONA Marks in violation of Florida common law; (vi) engaged in unfair competition in violation of Florida common law; and (vii) committed unfair and deceptive trade practices in violation of FLA. STAT. § 501.204;

(b)    Enter a permanent injunction enjoining Defendants and their parents, subsidiaries, affiliates, officers, directors, employees, agents, representatives, and all those persons in active concert or participation with any of them, from:

    (1)    using or authorizing others to use any trade name, trademark, service mark, social media account name, or other name that consists in whole or in part of any of the LAKE NONA Marks, or any confusingly similar term, mark or name;

    (2)    registering, seeking to register, or using any domain name which incorporates any of the LAKE NONA Marks or any confusingly similar term, mark or name;

    (3)    passing off or inducing or enabling others to sell or pass off any goods or services which are not authorized by Plaintiff Lake Nona Holdings as and for goods or services sponsored or endorsed by, associated, or affiliated with Plaintiff Lake Nona Holdings; and

    (4)    otherwise infringing the LAKE NONA Marks, injuring the business reputation or damaging the goodwill of Plaintiff Lake Nona Holdings and/or its LAKE NONA Marks in any manner, falsely representing itself as being connected with, sponsored or endorsed by, or associated or affiliated with Plaintiff Lake Nona Holdings, or engaging in unfair competition that in any way injures Plaintiff Lake Nona Holdings.

(c)    Enter an Order pursuant to Section 36 of the Trademark Act of 1946, 15 U.S.C. § 1118, directing Defendants to deliver up to Plaintiff Lake Nona Holdings for destruction all advertising and promotional materials, signs, business cards, and other materials of any kind or nature that bear any of the LAKE NONA Marks or the <dwellatlakenona.com> domain name;

(d)    Enter an Order directing pursuant to 15 U.S.C. § 1117(a) that an accounting be had and judgment rendered against Defendants for the profits, gains and

    advantages derived from its wrongful actions and the damages sustained by Plaintiff Lake Nona Holdings as a result of Defendants' actions, with such amounts to be trebled as provided by law because of the willful and deliberate nature of Defendants' actions;

(e) Award Plaintiff Lake Nona Holdings damages pursuant to Counts I-VI of this Complaint.

(f) Award Plaintiff Lake Nona Holdings punitive damages in light of the willful, intentional and predatory nature of its actions pursuant to Counts V and VI of this Complaint;

(g) In the alternative to damages and profits pursuant to 15 U.S.C. § 1117(a), award Plaintiff Lake Nona Holdings statutory damages in the amount of $100,000 pursuant to 15 U.S.C. § 1117(d) as a result of Defendants' acts of domain name cyberpiracy;

(h) Award Plaintiff Lake Nona Holdings its costs and attorneys' fees incurred in connection with this action; and

(i) Provide such other and further relief as the Court may deem just and proper.

Dated:  March 9, 2015.

/s/ David B. King
David B. King, Trial Counsel
Florida Bar No.: 0093426
Thomas A. Zehnder
Florida Bar No.: 0063274
KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
dking@kbzwlaw.com
tzehnder@kbzwlaw.com

David J. Stewart (Georgia Bar No.:  681149)[*]
Uly S. Gunn (Georgia Bar No.:  261871)[*]
ALSTON & BIRD, LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
david.stewart@alston.com
sam.gunn@alston.com

*Counsel for Plaintiff*
*Lake Nona Property Holdings, LLC*
   *(Motions to appear pro hac vice forthcoming)*